# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00290-CR

**Gregory Paul McPherson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
### NO. A-01-0931-S, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The district court sentenced appellant Gregory Paul McPherson to imprisonment for three years after a jury found him guilty of assaulting a public servant. Tex. Pen. Code Ann. ' 22.01(a)(1), (b)(1) (West Supp. 2003). Appellant=s court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

Appellant filed a pro se brief which he later superceded with an amended pro se brief. In his first points of error, he contends the evidence is legally and factually insufficient to sustain the jury=s guilty

verdict.  The incident on which the conviction is based occurred as appellant was being booked into the Tom Green County jail following his arrest on outstanding warrants.  The complainant, booking officer Wesley Counts, testified that appellant was argumentative and uncooperative.  Counts said that when appellant stepped toward him in what he thought was an aggressive manner, he put his arms up to keep appellant at a safe distance.  Appellant seized Counts=s arm and a scuffle broke out, during which both men fell to the floor.  Counts received bruises and a cut in the affray.  The other witnesses at the guilt stage of trial gave similar testimony, although they did not see the scuffle break out.  A videotape of the incident taken by the jail security system was introduced in evidence and shown to the jury.

Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could find the essential elements of the offense beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (standard of review for legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (same).  A neutral review of all the evidence, both for and against the finding of guilt, does not demonstrate that the proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury=s determination.  *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (standard or review for factual sufficiency).  Point of error one and two are overruled.

In his third point, appellant complains that he did not receive effective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (test for effectiveness of counsel under Sixth Amendment); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting *Strickland* test under Texas Constitution).  Appellant urges that his attorney was ineffective because she did not call

him and another witness to testify at the guilt/innocence phase. During the punishment phase, appellant admitted being uncooperative during booking. He said, however, that the scuffle began when the jailer grabbed him and he responded by knocking away the jailer=s hand. Another defense witness at the punishment phase, jail employee Melissa Molina, testified that the fight started when the complainant pushed appellant.

The record does not reveal counsel=s strategy with regard to the decision to call appellant and Molina at the punishment stage rather than at the guilt stage. In the absence of such a record, appellant cannot overcome the strong presumption that counsel=s conduct fell within the wide range of reasonable professional assistance when viewed from counsel=s perspective at trial. *See Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Point of error three is overruled.

In point of error four, appellant argues that the prosecutor unfairly failed to disclose Molina=s testimony, and that Molina=s testimony was newly discovered evidence for which the district court should have granted a new trial. *See* Tex. Code Crim. Proc. Ann. art. 40.001 (West Supp. 2003). He repeats the latter contention in point of error seven. Appellant concedes that Molina=s name was on the State=s witness list and that both he and the State subpoenaed her. There is no basis in the record for concluding that Molina=s existence or the nature of her testimony was suppressed by the State or newly discovered after trial. Points of error four and seven are overruled.

In his remaining points of error, appellant urges error in the jury charge. First, he contends the court should have instructed the jury on the lesser offense of resisting a search. Tex. Pen. Code Ann. '

**3**

38.03 (West 1994). While the evidence may support a finding that appellant committed this offense, the record does not support a rational finding that appellant was guilty only of this offense. *See Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993) (test for entitlement to lesser included offense instruction). Point of error five is overruled.

In point of error six, appellant contends the court should have instructed the jury on the right to use force to resist an arrest or search. Tex. Pen. Code Ann. ' 9.31(c) (West Supp. 2003). Appellant conditioned his request for this instruction, however, on the court granting the State=s request for an instruction on the use of force to maintain security in a correctional facility. Tex. Pen. Code Ann. ' 9.53 (West 1994). The court refused both requests. Under the circumstances, no error is presented. Point of error six is overruled.

We have reviewed the record and briefs and agree that the appeal is without merit. The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: January 30, 2003

Do Not Publish

**4**